UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF, | : <br> : <br> : | CASE NO. 1:04-cv-753 |
| V. | : <br> : | |
| REAL PROPERTY KNOWN AND<br>NUMBERED AS 9340 MORROW<br>WOODVILLE ROAD, PLEASANT PLAIN,<br>WARREN COUNTY, OHIO, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, et al., | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| DEFENDANTS. | : | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem on November 1, 2004 (Doc. 1). This civil forfeiture action was brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

and/or 21 U.S.C. § 881(a)(7), which provides for the forfeiture of:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

A Warrant of Arrest in Rem, issued by this Court on November 5, 2004 (Doc. 3), directed

the United States Marshal to arrest Defendant 2. The Warrant required any person or entity claiming an interest in the defendants to file a verified claim, that is a statement of interest in or right against the defendants, with the Clerk of the Court within thirty days after receipt of actual or published notice of this action and the arrest of the defendants and to file an answer within twenty days after the filing of the claim. The Warrant further required the plaintiff to publish notice of the arrest of the defendants and the forfeiture action in a newspaper of general circulation in the Southern District of Ohio.

The United States Marshals Service conducted the post and walk on Defendant 1 and executed the Writ of Entry (Doc. 4) on December 10, 2004 (Doc. 12). In accordance with the Warrant of Arrest in Rem (Doc. 3), the United States Marshals Service arrested Defendant 2 on November 30, 2004, bringing the defendants within the jurisdiction of the Court (Doc. 12).

The United States served, by certified mail, the summons, complaint, warrant, writ, notice and interrogatories upon Barbara Schaffer, on February 28, 2005. The United States Postal Service returned a receipt of delivery (Doc. 18). The United States served, by certified mail, a copy of the summons, complaint, warrant, writ, notice and interrogatories upon Tony's Auto Repair on January 4, 2005, upon William Slaton on January 7, 2005, upon attorney Frank Schiavone, III for Paul David Lawwill, on January 4, 2005, and upon Paul G. Lawwill on January 5, 2005. The U.S. Postal Service returned executed receipts of delivery (Doc. 10). The United States also personally served Paul David Lawwill at the Hamilton County Justice Center on February 9, 2005, with a signed acknowledgment of receipt (Doc. 16). The summons and warrant directed any person or entity claiming an interest in the defendants to file a claim with the Clerk of the Court within thirty days after receipt of actual or published notice of this action

and to file an answer to the United States' complaint within twenty days after the filing of the claim.

The United States published notice of the proposed forfeiture of the defendants in the Cincinnati Court Index Press on January 5, 12, and 19, 2005. (Doc. 15).

As of February 19, 2005, which is thirty days after the last date of publication, no person or entity other than Paul G. Lawwill, has filed a claim and answer to the complaint. Paul G. Lawwill filed a verified claim and answer regarding the real property, Defendant 1, on January 10, 2005 (Doc.s 7 and 8). Paul G. Lawwill withdrew his claim and answer and agreed to the Default Judgment against him on May 12, 2005 (Doc. 19). Paul G. Lawwill and the United States entered into a settlement agreement regarding the real property, Defendant 1, on June 15, 2005 (Doc. 20).

On July 6, 2005, the Clerk of this Court entered a default against Defendant 1, real property known as 9340 Morrow Woodville Road, Pleasant Plain, Ohio, with all appurtenances, improvements and attachments thereon, Defendant 2, a 1965 Chevrolet Impala SS, VIN# 166375L221321, with all attachments thereon, Barbara Schaffer, Tony's Auto Repair, William Slaton, Paul David Lawwill, Paul G. Lawwill, and all other persons and entities having an interest in the defendants for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (Doc. 22).

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims a default judgment is granted to the United States against Defendant 1, real

property known as 9340 Morrow Woodville Road, Pleasant Plain, Ohio, with all appurtenances, improvements and attachments thereon, Defendant 2, a 1965 Chevrolet Impala SS, VIN# 166375L221321, with all attachments thereon, Barbara Schaffer, Tony's Auto Repair, William Slaton, Paul David Lawwill, Paul G. Lawwill, and all other persons and entities having an interest in the defendants for failure to file a claim and answer.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the defendants is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) and § 881(a)(7). All right, title, and interest in the defendants is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The United States Marshals Service shall dispose of the defendants in accordance with the law.

July 28, 2005
Date

MICHAEL H. WATSON
UNITED STATES DISTRICT COURT JUDGE